**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE IVAN SIERRA RUIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-02604-JD |
| | ) | |
| TODD BLANCHE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

Jose Ivan Sierra Ruiz ("Petitioner") brings an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") [Doc. No. 5].[1] Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus ("Response"). [Doc. No. 8]. Petitioner filed a Reply. [Doc. No. 9].

Although the Petition claims that Petitioner "is not challenging the discretionary aspects of his detention, but rather its constitutionality," the fact remains that "[h]e is being detained 'pending a decision on whether he is to be removed from the United States.'" *Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (unpublished) (quoting 8 U.S.C. § 1226(a)).

Petitioner "has been in DHS custody during the pendency of his removal proceedings and is therefore eligible for release on bond under 8 U.S.C. § 1226(a)." *Id.* at 786. He has received such a bond hearing. [Doc. No. 5 at 7; Doc. No. 5-3 at 1–2]; *see*

[1] Petitioner filed a second petition, which the Court refers to as the Petition, to comply with the Court's order to follow the Court's ECF Policies and Procedures Manual, but the filing does not differ in substance from the original petition. *See* Notice from Court (Sept. 22, 2026); *see also* [Doc. No. 1].

*also* [Doc. No. 8-2 at 1–2] (same). And the immigration judge ("IJ") "exercise[d] his discretion to either detain or release [Petitioner] on bond or conditional parole." *Mwangi*, 465 F. App'x at 786. In this case, the IJ chose to detain Petitioner.

Not only is "[t]he Attorney General's *discretionary* judgment" on this subject "not . . . subject to review," 8 U.S.C. § 1226(e) (emphasis added), but "Congress has specifically eliminated [Petitioner's] attempted means of review—a habeas petition pursuant to § 2241—as a way of challenging the Attorney General's discretionary decision." *Mwangi*, 465 F. App'x at 787 (citing 8 U.S.C. § 1252(a)(5)). And that is the case, "regardless of whether the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B)(ii); *Mwangi*, 465 F. App'x at 787 (same).

Petitioner urges that he does not "merely . . . disagree[] with the weight [his] [IJ] assigned to competing evidence," arguing instead that the IJ's "written decision does not reveal what competing evidence, if any, was weighed against Petitioner's substantial evidence of appearance." [Doc. No. 5 at 9]. But this claim fails for the simple reason that the Petitioner omits any evidence of the reasons underlying the decision of the IJ in this case.

The Immigration Court Practice Manual specifies that the memorandum order an IJ releases is not a fulsome account of the IJ's reasoning, as "[u]sually, the [IJ]'s decision is rendered orally," unless "either party appeals," in which case the IJ "prepares a written decision based on notes from the hearing." Exec. Off. for Immigr. Rev., *OCIJ Immigr. Ct. Prac. Manual* 8.3(e)(7) (updated Feb. 10, 2026), *available at* https://www.justice.gov/

eoir/policy-manual-eoir/part-II/icpm/chapter-8-3 (last accessed Nov. 10, 2026). Relevant agency memoranda corroborate this practice: "An oral decision shall be stated by the Immigration Judge in the presence of the respondent and the DHS counsel, if any, at the conclusion of the hearing." Exec. Off. for Immigr. Rev., *Memorandum 93-1* (Aug. 8, 2025), https://www.justice.gov/eoir/media/1410616/dl?inline= (last accessed Nov. 10, 2026).

For these reasons, it "appears from the application" that Petitioner "is not entitled" to the writ. 28 U.S.C. § 2243. The Court construes the facts alleged—in all three grounds for relief—as pertaining to matters over which the Court lacks subject matter jurisdiction. And to the extent the allegations do pertain to matters within the Court's subject matter jurisdiction, the allegations are inadequate to state a claim.[2]

Consequently, the Court DISMISSES the Petition without prejudice for lack of subject matter jurisdiction. Alternatively, the Court DISMISSES the Petition without prejudice for failure to state a claim. A separate judgment will follow.

---

[2] The factual basis for Petitioner's claims is tied up with matters over which the Court lacks jurisdiction. Alternatively, to the extent the claims could be construed as asserting an independent due process claim, Petitioner received the bond hearing that § 1226(a) and its implementing regulations provide, and the Tenth Circuit has not held that due process requires more for a noncitizen detained under § 1226(a) pending removal proceedings. Absent the Supreme Court or Tenth Circuit recognizing a distinct claim or right in this context, this Court must follow extant law, which indicates that Petitioner has failed to state a claim *See Mwangi*, 465 F. App'x at 787–88 ("[Petitioner] is being detained 'pending a decision on whether he is to be removed from the United States.' . . . [N]othing in his allegations demonstrates that he is entitled to [habeas] relief."); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing "detention during deportation proceedings as a constitutionally valid aspect of the deportation process"); *Carlson v. Landon*, 342 U.S. 524, 538 (1952) (rejecting the aliens' claims that they were entitled to be released from detention if they did not pose a flight risk, explaining that "[d]etention is necessarily a part of this deportation procedure").

IT IS SO ORDERED this 10th day of November 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE